E-FILED
Wednesday, 29 April, 2026  09:20:54 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ADRIAN RAMIREZ-ALCANTAR,
    Plaintiff,

v.

                                     Case No. 3:25-cv-03388-JEH

JOSHUA MCDANNALD,
    Defendant.

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Taylorville Correctional Center ("Taylorville"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 21). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Taylorville's Warden Joshua McDannald, Records Office Supervisor Nancy Jacoby, Audio-Visual Writ Setup Coordinator Jacob

Keeling, Sergeant Taylor, Major Joyce, Office Coordinator of the Records Office John Doe 1, and the Illinois Department of Corrections ("IDOC").

On July 19, 2024, a hearing was held on Plaintiff's post-conviction petition in Kane County Circuit Court before Judge John Barsanti. Plaintiff did not attend the hearing. Assistant State's Attorney Greg Sams agreed to issue a writ for Plaintiff to attend the next hearing on August 23, 2024.

On August 23, 2024, another hearing was held on Plaintiff's post-conviction petition before Judge Donald Tegeler Jr. Assistant State's Attorney Janet Mahoney informed Judge Tegeler a video writ had been issued for Plaintiff's appearance, but Plaintiff was not in attendance. As a result, the hearing was continued to September 20, 2024.

On September 19, 2024, Plaintiff received an offender call pass for a video writ for a hearing on September 20, 2024.

On September 20, 2024, Plaintiff went to the vocational building at Taylorville to attend the video hearing with Judge Barsanti. Defendant Sergeant Taylor instructed Plaintiff to wait in the hallway outside the conference room. About an hour later, Defendant Taylor told Plaintiff to return to his housing unit. Plaintiff told Defendant Taylor he had a video hearing. Defendant Taylor called Taylorville's central office and was informed that Defendant Keeling, the Audio-Visual Video Writ Coordinator, was not on location at the facility.

During the hearing on September 20, 2024, Judge Barsanti denied Plaintiff's post-conviction petition. As a result, Plaintiff alleges he was denied release and was unable to be with his mother, who passed away on September 6, 2025.

On September 21, 2024, Plaintiff alleges he told Defendant Major Joyce what had occurred on September 20, 2024. Defendant Joyce allegedly informed Plaintiff that he would see if the writ could be rescheduled. Plaintiff states he waited

2

months to hear back from Defendant Joyce. Plaintiff filed a grievance on December 30, 2024, but his grievance was deemed untimely.

Plaintiff alleges Defendant Records Office Supervisor Jacoby is responsible for writs at the facility. Plaintiff alleges Defendants Jacoby, Keeling, and John Doe 1 should have confirmed the video writ was ready and verified all necessary parties to the connectivity process were available to allow Plaintiff to attend his hearing on September 20, 2024.

Plaintiff alleges Defendant Warden McDannald failed to properly train his staff. Plaintiff alleges if Defendant Sergeant Taylor had been properly trained, he would have contacted the Records Office Supervisor Jacoby or John Doe 1 on September 20, 2024. Plaintiff alleges Defendant IDOC failed to properly train Warden McDannald.

### III

"The First Amendment right to petition the government for redress of grievances includes the right of access to the courts." *Bridges v. Gilbert,* 557 F.3d 541, 553 (7th Cir. 2009) (citing cases). "[P]ersons in prison, like other individuals, have the right to petition the Government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'" *Cruz v. Beto,* 405 U.S. 319, 321 (1972) (quoting *Johnson v. Avery,* 393 U.S. 483, 485 (1969). The right of access to the courts requires prison officials to provide prisoners with the necessary tools "to attack their sentences, directly or collaterally," and "to challenge the conditions of their confinement" *Lewis v. Casey,* 518 U.S. 343, 355 (1996). "Plaintiff must allege he suffered an actual injury due to his inability to pursue a non-frivolous claim and identify that specific legal claim involved." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020); *see Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

3

Here, Plaintiff alleges he missed court hearings on his post-conviction petition on July 19, 2024, August 23, 2024, and September 20, 2024, because staff members did not coordinate his attendance, despite writs being issued for his appearance. Plaintiff alleges Defendants Taylor, Jacoby, John Doe 1, and Keeling's actions deprived him of his right to attend the final Zoom hearing on September 20, 2024. During the hearing, Judge Barsanti denied his petition, and Plaintiff was not released from custody. Plaintiff's allegations are sufficient to proceed on a First Amendment claim for denial of access to the courts against Defendants Taylor, Jacoby, John Doe 1, and Keeling.

Plaintiff named Warden McDannald as a Defendant but failed to include any allegations to demonstrate how he was personally involved in failing to ensure Plaintiff appeared for his court hearings. There is no *respondeat superior* under § 1983. In other words, Defendant McDannald cannot be liable based only on his supervisory role. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). As Plaintiff pleads only the incident regarding himself, he fails to plead that Defendant McDannald should have been on notice and have rectified alleged deficiencies in staff training. *Thomas v. Cook Cnty. Sheriff's Dep't*,

604 F.3d 293, 303 (7th Cir. 2006) ("There is no clear consensus as to how frequently [certain conduct] must occur to impose *Monell* liability, except that it must be more than one instance, or even three.") (internal citations omitted)). Defendant McDannald is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges Defendant Major Joyce told him he would inquire whether the writ issued on September 20, 2024, could be rescheduled, but Defendant Joyce never got back to Plaintiff. Plaintiff's sparse allegations against Defendant Joyce are insufficient to proceed on a constitutional claim. Defendant Joyce is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff named the IDOC as a Defendant, but the IDOC is not a "person" amenable to suit under § 1983 and enjoys Eleventh Amendment immunity in a suit for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Defendant IDOC is dismissed with prejudice.

**IV**

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 16). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013)

(citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff states he contacted six attorneys/law firms to request representation. The Uptown People's Law Center declined to represent him. Plaintiff did not receive a response from the other attorneys he contacted. The Court finds Plaintiff made a reasonable attempt to obtain counsel. Thus far, his pleadings have been coherent and supported by accompanying exhibits. There is no indication that he has any physical or psychological condition that might impair his ability to litigate this case himself. The Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage in the litigation process. Plaintiff's Motion to Request Counsel is denied.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on a First Amendment claim against Defendants Nancy Jacoby, Jacob Keeling, Sergeant Taylor, and John Doe 1 based on the alleged denial of Plaintiff's right of access to the courts during a hearing on his post-conviction petition on September 20, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      The Clerk is directed to ADD Nancy Jacoby (Records Office Supervisor), Jacob Keeling (Audio-Visual Video Writ Setup Coordinator), Taylor

(Sergeant), and John Doe 1 (Office Coordinator of the Records Office) as Defendants.

3) Defendants Joshua McDannald and Major Joyce are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Defendant Illinois Department of Corrections is DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE Joshua McDannald.

4) Plaintiff's Motion to Request Counsel [16] is DENIED.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not

7

filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)    Plaintiff shall be provided with a copy of all pertinent medical records upon request.

13)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: April 29, 2026

s/Jonathan E. Hawley
U.S. District Judge